AMY, PLAINTIFF AND APELLANT, *v.* APONTE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Debt.—Memorandum of Costs.

No. 2698.—Decided July 20, 1922.

APPEAL—ATTORNEY FEES.—In appeals from municipal courts attorney fees for services rendered in the lower court or in the district court on appeal will not be allowed.

ID.—COSTS.—Section 333 of the Code of Civil Procedure governing the allowance of costs on appeal has still the same force and effect as in 1904 when section 327 of the same code was in force.

The facts are stated in the opinion.

*Mr. F. Cervoni* for the appellant.

*Mr. T. Bernardini* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was brought in the Municipal Court of Guayama for the recovery of $400. After judgment an appeal was taken to the district court, which in turn rendered judgment against the defendants for the sum claimed, with interest at the legal rate and the costs and disbursements.

The successful party filed a memorandum of costs amounting to $573, including $500 for attorney's fees. The defeated party objected to the memorandum of costs and the district court finally approved it after striking out the item for attorney's fees on the ground that it had no power to allow them. The plaintiff appealed to this court from that order.

Section 327 of the Code of Civil Procedure as originally enacted read as follows:

"The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

In 1908 the part of said section pertinent to the question involved was amended to read as follows:

"In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services."

And in 1917 said section was again amended in this respect to read as follows:

"In all cases where costs have been allowed to one party in an

action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount."

Relying on section 327 as finally amended and on section 333 of the Code of Civil Procedure, the appellant alleges that he is entitled to attorney's fees and, therefore, that the district court erred in holding that it was without authority to allow them.

Section 333 of that Code reads as follows:

"In the following cases, the costs of appeal are in the discretion of the court:

"1. When a new trial in ordered.

"2. When a judgment is modified.

"In all other cases the prevailing party shall recover costs, including his costs below, when the appeal is to the district court."

It is admitted that a municipal court has no authority to allow attorney's fees, but it is maintained that when the case is appealed the district court has authority to impose such fees.

In the case of *Ferreira* v. *López, District Judge,* 29 P. R. R. 31, 33, it was said:

"We shall not, although we have some doubts, discuss with the district court the question of whether such a court may now render judgment for fees in any case, no matter what the amount involved, the court in part basing its conclusion on section 327 of the Code of Civil Procedure as amended by Law No. 38 of April 12, 1917. It may be true that in a case properly before it the court may render judgment in appeals from municipal courts and impose fees against the losing party."

In the present case these doubts should be removed, for the question is directly involved.

In accordance with the law in force, cases appealed to the districts courts are tried by them *de novo*.

"On a trial *de novo*," says Cyc., in summarizing the juris-

prudence, "the judgment of the justice is not reversed or affirmed, but a new distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the appellate court." But it immediately adds: "The jurisdiction acquired by the court is, however, appellate, and it can not render any judgment on appeal which the justice could not have rendered." 24 Cyc. 750.

This being so, it seems clear that with regard to fees for the work done in the municipal court, it being admitted that the said court could not allow them, it follows necessarily that the district court could not allow them on appeal.

It now remains to consider whether or not the district court may allow attorney's fees for the services rendered before it in the trial *de novo.*

Corpus Juris summarizes the jurisprudence as follows:

Attorney's fees on appeal are not allowable unless authorized by statute or by stipulation between the parties. In some jurisdicions, however, the statutes or rules of court are held to authorize allowance of attorney's fees on appeal. But a party asking for an attorney's fee must bring his case within the terms of the statute." 15 C. J. 274.

It can not be denied that the argument of the appellee has force, but a careful consideration of the amendments made by the Legislature to section 327 of the Code of Civil Procedure shows that it always had in mind actions brought originally in a district court and not actions appealed thereto. First, the provision leaving the question of fees to the agreement of the parties was modified so that said fees might be allowed by the court when the amount in controversy exceeded $500. This left out all cases in which no amount was involved, and in order to include such cases the amendment of 1917 was made. In both cases the law refers to actions originating in a district court.

In the matter of costs statutes should not be construed

broadly. The authority should be given expressly by the statute.

Section 333 of the Code of Civil Procedure still has the same effect that it had in 1904 when section 327 of the same Code was in force as originally enacted. And the district court in this case ordered the defeated party to pay to the successful party the costs incurred in the municipal court and the disbursements made by reason of the suit.

The order appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.